IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY HAMMANN and CAROL HAMMANN,<br><br>    Plaintiffs,<br><br>v.<br><br>MICHAEL D. FRANTZ,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No: 16 C 10668<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

Gregory and Carol Hammann (collectively "Hammanns") have sought to invoke federal subject matter jurisdiction on a diversity-of-citizenship basis to sue Michael Frantz ("Frantz") for nearly $4 million based on his asserted nonpayment of a promissory note made payable to them. But although Hammanns are represented by a long-established major Chicago law firm with extensive federal litigation experience, with offices in several other principal United States cities (and indeed in the UK as well), their very brief Complaint contains an obvious fundamental error that has prompted the sua sponte issuance of this memorandum order.

Complaint ¶¶ 2 and 3 identify Hammanns' current residence as located in St. Augustine, Florida, with their earlier residence at one time having been Dyersville, Iowa. Similarly, Complaint ¶ 4 speaks of defendant Michael Frantz as a resident of Northbrook, Illinois. But of course, as the very name of the diversity branch of federal jurisdiction indicates, for diversity purposes the relevant facts are the parties' states of citizenship, not the location of their residences.

On that score our Court of Appeals has spoken in unequivocal (and Draconian) terms -- for example, as <u>Adams v. Catrambone</u>, 359 F. 3d 858, 861 n.3 (7th Cir. 2004) has repeated, quoting <u>Guar. Nat'l Title Co. v. J.E.G. Assocs.</u>, 101 F.3d 57, 59 (7th Cir. 1996):

> When the parties allege residence but not citizenship, the court must dismiss the suit.

Although this Court is loath to inflict that fate on a litigant because of counsel's careless (and most likely curable) error, it is always possible -- though for the most part unlikely -- that a party's state of citizenship (that is, his or her domicile) does not coincide with that party's residence. Accordingly this Court complies with the above-quoted teaching and dismisses both the Complaint and this action sua sponte.

It should however be made plain that such dismissal is without prejudice to Hammanns' counsel's filing of a new federal complaint that corrects the presumably curable error. If that is done, this District Court's LR 40.3(b)(2) calls for the newly-filed action to be assigned directly to this Court's calendar rather than under the court's customary random assignment system, and counsel should so indicate on the civil cover sheet of the newly-filed case.

                                                  _____
                                                  Milton I. Shadur
                                                  Senior United States District Judge

Date: November 18, 2016